

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. D. H. Utley
County Auditor
Clay County
Henrietta, Texas

Dear Sir:

Opinion No. O-6799
Re: Whether Henrietta Rural High
School is within the class of
school districts for which a
discount for the prompt pay-
ment of taxes is mandatory.

Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

"Please give me your opinion of the
status of a Rural High School that is made up
of additions of a number of common school dis-
tricts, which have been consolidated with an
independent school district and all are now
known as Henrietta Rural High School. Would
it be mandatory that the regular discount for
early payment of taxes be allowed on this
school district or would it be classed as an
independent school district, and the right of
discount be optional with the School Board?"

Article 2922b, Vernon's Annotated Texas Civil
Statutes, reads as follows:

"Art. 2922b. How classed

"Rural high school districts as pro-
vided for in the preceding article shall be
classed as common school districts, and all
other districts, whether common or independent,
composing such rural high school district shall

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. D. H. Utley - Page 2

be referred to in this Act as elementary school
districts; provided that all independent school
districts enlarged by the annexation thereto
of one or more common school districts as pro-
vided for in Article 2922a shall retain its
status and name as an independent school district,
and shall continue to operate as an independent
school district under the provisions of the ex-
isting laws and the laws hereafter enacted
governing other independent school districts,
except as otherwise provided for herein."

Article 2922e, Vernon's Annotated Texas Civil
Statutes, reads in part as follows:

"The control and management of the
schools of a rural high school district, estab-
lished under the provisions of this Act, shall
be vested in a board of seven trustees, elected
by the qualified voters of the said district at
large, who shall be elected and serve in accord-
ance with the provisions of General Law relative
to common school districts, except as may be
otherwise provided herein;. . ."

Article 2922L, Vernon's annotated Texas Civil
Statutes, reads as follows:

"The board of a rural high school
district provided for in this Act shall have the
power to levy and collect an annual ad valorem
tax not to exceed One Dollar ($1) on the one
hundred dollars valuation of taxable property of
the district for the maintenance of schools
therein, and a tax not to exceed Fifty (50) Cents
on the one hundred dollars valuation of taxable
property of the district for the purpose of pur-
chasing, constructing, repairing, or equipping
public free school buildings within the limits
of such district, and the purchase of necessary
sites therefor; providing that the amount of
maintenance tax, together with the amount of bond
tax of the district shall never exceed One Dollar
($1) on the one hundred dollars valuation of tax-

able property; and provided further that no such tax shall be levied and no such bonds shall be issued until after an election shall have been held wherein a majority of the qualified taxpaying voters, voting at said election, shall have voted in favor of the levying of said tax, or of the issuance of said bonds, or both, as the case may be, and which election shall be held in accordance with the law now governing such elections in common school districts, or districts included in a rural high school district or annexed to a common or independent school district, as provided for herein, shall be continued in force until such time as a uniform district or said common or independent district as enlarged by the annexation of the said common school districts thereto. The board of trustees of any rural high school district may appoint an assessor of taxes who shall assess the taxable property within the limits of said district within the time provided by existing laws, and said assessment shall be equalized by the board of equalization composed of three (3) members appointed by the board of trustees of said district. The said board of equalization shall be composed of legally qualified voters residing in said district, and shall have the same power and authority, and be subject to the same restrictions that now govern such boards in independent school districts. The tax assessor herein provided for shall receive such compensation for his services as the trustees of said district may allow, not to exceed two (2) per cent of taxes assessed by him. The county tax collector shall collect such tax and shall receive one-half of one per cent for his services for collecting such tax. Such tax when collected shall be deposited in the county depository to the credit of such rural high school district. The tax assessor herein provided for shall make a complete list of all assessments made by him, and when approved by the board of trustees shall be submitted to the county tax collector not later than September 1st of each year.

"Provided that in counties having a population of less than eight thousand, seven hundred (8,700) and more than eight thousand, five hundred (8,500) according

Hon. D. H. Utley - Page 4

to the last Federal Census, rural high school
districts composed wholly of common school
districts, such rural high school districts
shall not have the authority to appoint its tax
assessor, board of equalization, nor tax collec-
tor, and the taxes thereof shall be assessed
by the county tax assessor and collected by the
county tax collector as in common school
districts. Acts 1925, 39th Leg. p. 204, ch.
59; Acts 1927, 40th Leg. 1st C.S. p. 206, ch.
78 §3; Acts 1937, 45th Leg. 2nd C. S. p. 1923,
ch. 40, §1."

Henrietta, Texas, is located in Clay County,
Texas. The population of Clay County, Texas, according to the
1940 Federal Census was 12,524 inhabitants. Therefore, the
last paragraph of Article 2922L, supra, is not applicable
to Henrietta Rural High School District.

Construing Articles 2922b and 2922L, supra, this
department in Opinion No. O-2299 said:

"Without the special provisions contained
in Article 2922L authorizing rural high shhool
districts to appoint their own assessors (and
board of equalization), such districts being classed
as common school districts by Article 2922b would be
governed by the laws relating to such common school
districts. We do not believe that Article 2922L
was meant to make it mandatory upon rural high
school districts to appoint their own assessors and
to prevent their using the assessments made by the
county tax assessor. Rather we believe that it was
intended to give such districts a choice in the
matter, similar to the choice given the boards of
trustees of independent school districts with refer-
ence to tax assessors and collectors."

Article 7255b, Vernon's Annotated Texas Civil
Statutes reads as follows:

"All taxpayers shall be allowed dis-
counts for the payment of taxes due to the
State and all governmental and political sub-
divisions and taxing distficts of the State,
said discounts to be allowed under the follow-
ing conditions: (a) three (3%) per cent dis-

count on ad valorem taxes due the State or due
any governmental or political subdivision or tax-
ing district of the State, if such taxes are paid
ninety (90) days before the date when they would
otherwise become delinquent; (b) two (2%) per
cent discount on ad valorem taxes due the State
or due any governmental or political subdivision
or taxing district of the State if such taxes are
paid sixty (60) days before the date when they
would otherwise become delinquent; (c) one (1%)
per cent discount on ad valorem taxes due the
State or due any governmental or political sub-
division or taxing district of the State, if such
taxes are paid thirty (30) days before the date
when they would otherwise become delinquent.
Provided, however, that the provisions of this
section shall not apply to water improvement
districts, irrigation districts, and levee dis-
tricts, water control districts, and other govern-
mental subdivisions, cities, towns and independent
school districts unless and until the governing
body of such water improvement districts, irriga-
tion districts, levee districts, water control
districts, and other governmental subdivisions,
cities, towns or independent school districts by
ordinance, resolution or order, shall adopt the
provisions hereof; and in the event any such water
improvement district, irrigation district, levee
district, water control district, and other govern-
mental subdivisions, city, town or independent
school district elects to allow such discounts,
then the governing body of each water improvement
district, and other governmental subdivisions, city,
town or independent school district, shall have
power, by the ordinance, resolution or order
levying the annual taxes, to designate the months
in which such discounts of three (3%)per cent,
two (2%) per cent and one (1%) per cent respectively
shall be allowed, but in no event shall the same
apply to split payment of taxes."

Construing Article 7255b, supra, this department
in Opinion No. 0-6124 said:

"This article, as it now is in effect,
was passed by the 46th Legislature, Acts of 1939,
Senate Bill 402, and in general authorizes dis-
count on ad valorem taxes for early payment. It

Hon. D. H. Utley - Page 6

is observed that the statute allows all taxpayers discounts for the payment of taxes 'd . . due to the State and all governmental and political subdivisions and taxing districts of the State, said discounts to be allowed under the following conditions;. . .'

"But as to 'water improvement districts, irrigation districts, and levee districts, water control districts, and other governmental school districts' the statute by its terms makes its provisions inapplicable unless such taxing districts, all of which are enumerated in the statute, and other governmental subdivisions adopt the statute by the governing body of such taxing district or other governmental subdivision. If the taxing districts enumerated in the statute or other governmental subdivisions adopt the provisions of the statute by ordinance, resolution or order, then such taxing district or other governmental subdivision is entitled to the benefits thereof, and not otherwise."

We enclose herewith a copy of Opinion No. 0-6124 and also a copy of Opinion No. 0-6290, a very comprehensive and exhaustive opinion which follows opinion No. 0-6124.

Your letter states that Henrietta Rural High School "was made up of a number of common school districts, which have been consolidated with an independent school district and all are now known as Henrietta Rural High School." You do not state, however, whether Henrietta School was an independent school district prior to the formation of the rural high school district, and your letter does not give full details with respect to the organization of the Rural High School District. The full facts may show that Henrietta Rural High School might be classed as an independent school district under the terms of Article 2922b, supra. However, we do not have sufficient facts before us to determine that question. If the facts show Henrietta Rural High School should be classed as an independent school district, it would be our opinion that it would not be mandatory that discounts be allowed for the early payment of taxes due the school district and that the right of discount would be optional with the school board. If the discount is allowed it would have to be made by proper authorization of the school board as pointed out in Opinion No. 0-6124.

882

Regardless of whether Henrietta Rural High School District is technically classed as an independent school district, if the further facts show that the school district appoints a tax assessor for the district, as outlined by Article 2922L, it would be our opinion under said facts that it would not be mandatory that discounts be allowed for the early payment of taxes due the school district and that the right of discount would be optional with the school board. Also, if such discount was allowed it would have to be made by proper authorization of the school board as pointed out in Opinion No. 0-6124.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By          Wm. J. Fanning
            Assistant

WJF:BT          APPROVED SEP 26 1945

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN